IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Bomin Bunker Oil Corp. | § |
| Plaintiff, | § § § § CIVIL ACTION _____ |
| versus | § § IN ADMIRALTY, Rule 9(h) |
| M/T KIMOLOS, IMO 9405540 its equipment, appurtenances, and freights, | § § § § |
| Defendant, *in rem*. | § § |
| and | |
| Eletson Corp. S.A., | § § § |
| Defendant, *in personam*, | § § § |
| and | |
| Moran-Gulf Shipping Agencies, LUKOIL Pan Americas, LLC The Master of the M/T KIMOLOS, | § § § § § |
| Garnishees. | § |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF
WARRANT FOR ARREST OF VESSEL AND
<u>PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT</u>**

Bomin Bunker Oil Corp. ("Bomin") brings this action against the M/T KIMOLOS, IMO 9405540 ("Vessel"), *in rem*, and Eletson Corp. S.A., ("Eletson"), *quasi in rem*, pursuant to Supplemental Rules C and B for Certain Admiralty and Maritime Claims, requesting the issue of warrants for arrest of the Vessel and issue of process of maritime attachment and garnishment and states as follows:

## Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Vessel is or soon will be in this District and the Garnishees are within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3. Venue is also proper in this District because Defendant's property, namely, the bunkers (marine fuel) aboard the Vessel, is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5. The Vessel is an ocean-going tanker calling on the Port of Houston. Defendant Eletson is the ultimate (disponent) owner of the Vessel. Garnishees are the Master of the Vessel, the Vessel's local husbanding agent (Moran), and the Vessel's charterer (Lukoil).

6. Bomin is a provider of marine fuels ("bunkers") which provided maritime necessaries, namely, bunkers (herein, "Necessaries") to the Vessel on the order of the Vessel's disponent owners and/or operators and/or managing agents, Defendant Eletson.

## Facts

7. Bomin on February 4, 2021 at Cristobal, Panama provided bunkers to the Vessel on the order of the Vessel's disponent owners and/or operators and/or managing agents, Defendant Eletson in the amount of $236,976. Bomin's contract with Eletson further provides that Bomin recover its attorneys' fees and costs of recovery of unpaid and overdue amounts.

8. Bomin, after provision of the bunkers, became aware of certain apparent financial difficulties of Eletson, and demanded that Eletson provide adequate assurance of due

performance of payment for the bunkers. Eletson did not respond with adequate assurance. Instead, Eletson responded that it was unable or unwilling to make payment, because it had not been paid by its own customer.

9. The Vessel and Eletson, jointly and severally, are in default of their obligations to pay Bomin and consequently owe Bomin, for the Vessel, at least $236,976, plus maritime prejudgment interest and costs, and Eletson in addition owes Bomin, Bomin's attorneys' fees and costs of this action, and contractual interest. These further amounts total, or will by the time of final judgment total, at least $40,000.

### Count I – Breach of Maritime Contract – Arrest of Vessel, *In Rem*

10. Bomin incorporates the above paragraphs as if fully set forth herein.

11. By provision of the Necessaries to the Vessel, Bomin holds a maritime lien *in rem* against the Vessel for the account stated for the Necessaries.

12. Eletson and the Vessel breached its maritime contract with Bomin as set out above. Despite repeated demand, Bomin remains unpaid.

13. Bomin therefore respectfully requests that this Court issue a Warrant for arrest of the Vessel, *in rem* and demands judgment, as set out more fully below.

### Count II: Maritime Attachment and Garnishment (Rule B) - Eletson

14. Bomin incorporates the above paragraphs as if specifically set forth herein.

15. Bomin seeks issue of process of maritime attachment so that it may obtain payment for the amounts due to it, including attorneys' fees and costs, from Eletson.

16. No security for Bomin's claims has been posted.

17. Eletson cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in

this District, including but not limited to Garnishee the Master of the Vessel.

### **Prayer for Relief**

WHEREFORE, Bomin prays:

A.That in response to Count I, this Court issue a warrant of arrest pursuant to Supplemental Federal Rule of Civil Procedure C for the arrest of the Vessel;

B.That in response to Count I, the Vessel, her engines, tackle, freights, etc. be arrested pursuant to Supplemental Rule C to the extent of $276,976 (bunkers provision of $236,976, attorneys' fees, costs and interest of $40,000), the amount of plaintiff's total maritime liens against her as alleged above;

C.That in response to Count II, since Defendant Eletson cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Eletson's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Bomin's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

D.That further, as provided in Supplemental Rule B, such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

E.That, in response to Count I, judgment be entered against the Vessel and in favor of Bomin in the amount of at least $276,976;

F.That, in response to Count II, judgment be entered against the Vessel and in favor of Bomin in the amount of at least $276,976;

    G.    That this Court award Bomin such other and further relief that this Court deems just and proper.

Dated:  March 2, 2021.

> /s/ J. Stephen Simms
> J. Stephen Simms (*pro hac vice* pending)
> Simms Showers LLP
> 201 International Circle, Suite 230
> Baltimore, Maryland 21030
> Telephone:     410-783-5795
> Facsimile:      410-510-1789
> jssimms@simmsshowers.com
>
> Attorneys for Bomin Bunker Oil Corp.

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf.  I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District, and of the Texas Secretary of State.  There is no record of any general or resident agent authorized to accept service of process for Defendant Eletson in this District.

> Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.
>
> Executed on March 2, 2021.
>
> /s/ J. Stephen Simms
> J. Stephen Simms